229 A.2d 46.

VASILIS. BUTKINS *et ux. vs.* SAL'S FURNITURE CO., INC. *et al.*

MAY 5, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This bill in equity was brought by the complainants, who are husband and wife, against the respondents: to enjoin the alleged diverting of a stream which caused an unnatural flowage of water onto the complainants' land; to prohibit the respondents from burning materials which had resulted in soot and ashes falling upon the complainants' property; and to recover damages for the injuries already incurred. The respondent Sal's Furniture Co., Inc. is a Rhode Island corporation wherein the respondent Salvatore Lisi is the majority stockholder.

The cause was heard by a justice of the superior court who thereafter entered a decree which restrained respondent Sal's Furniture Co., Inc. from any burning during the hours complainants' laundry was being hung out to dry; but the trial justice denied all other prayers for relief. From this decree complainants have appealed to this court.

The complainants and respondent Lisi are landowners whose rear property lines border a stream in the town of North Providence called the West River. The complainants reside on the property, which they acquired in January 1961. It fronts on Wentworth street and is considerably lower in topographical sense than the property of respondent Lisi. His property is located on Douglas avenue where the corporate respondent operates a store in which is sold furniture and major home appliances such as refrigerators and television sets.

West River begins at a point farther north of the instant properties in a large body of water called Twin Rivers. Upon leaving Twin Rivers, this stream flows in a generally southwesterly direction under Mineral Spring avenue and continues to run in this direction as it travels within approximately 100 feet of the easterly edge of Douglas avenue until it passes between the properties of the parties

hereto. Thereafter it flows under Douglas avenue and empties into Geneva Pond.

At the trial in the superior court, complainants attempted to show that respondents, through their servants and agents, had caused the usual direction of the flow of West River to be diverted by their dumping into the stream of such materials as cardboard cartons, land fill, packing cases and other debris. These actions, complainants claimed, caused the stream to flow onto their land and flood their yard. Although complainants introduced photographs which showed cartons and packing cases in the stream, respondents expressly denied that they had caused anything to be dumped into the river. They were placed there, respondent Lisi said, by many children in the neighborhood who played in this area and whose main delight was to use these materials in their efforts to ford the stream and go onto the land of complainants. The court was told how the cartons or packing cases which had been used as furniture or appliance containers were gathered up and placed at the side of the furniture store where they were transported periodically to the municipal dump for disposal. The neighborhood children's enthusiasm for playing with the above-described refuse hindered respondents' efforts to keep their premises in a neat and orderly fashion. The respondent Lisi testified that the store's employees would at various times clean up the stream, and that on one occasion he hired at substantial expense a crane which cleaned up the area in question. He further testified that the width of the stream varied during the year from a narrow trickle to a wide, strongly moving torrent of water. It was his contention that this river, so called, has flowed in the same manner and fashion ever since 1953 when the furniture store first opened—it had always overflowed its banks and flooded complainants' property when, during the springtime, the thaw had set in or whenever there was an unusually heavy rain.

It is apparent that there was conflicting testimony presented on the cause of the river flooding the complainants' premises. The trial justice found as fact that the inundation complained of was a natural phenomenon caused either by the melting snows or by heavy rain. No citation of authority is needed as we repeat our well-settled rule that in equity, findings of fact made by the trial justice will not be set aside unless they are clearly wrong and fail to do justice between the parties. We have scrutinized the record in the instant cause and we cannot say that the trial justice was clearly wrong in holding that the complainants had not proved their allegations relative to the respondents' diverting the river thereby causing the flooding and consequent damage to their property.

The complainants' appeal is denied and dismissed, and the decree appealed from is affirmed.

*Gerald A. Oster, Irving N. Espo,* for complainants.

*Raymond W. Monaco,* for respondents.